| | |
|---|---|
| 1 | MCGREGOR W. SCOTT<br>United States Attorney |
| 2 | ROSS PEARSON<br>Assistant United States Attorney |
| 3 | 501 I Street, Suite 10-100<br>Sacramento, CA 95814 |
| 4 | Telephone: (916) 554-2700<br>Facsimile: (916) 554-2900 |
| 5 | |
| 6 | Attorneys for Plaintiff<br>United States of America |
| 7 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRESCENCIO CHAVEZ-ARELLANO,<br><br>Defendant. | Case No. 1:17-CR-00249-DAD-BAM<br><br>**STIPULATION AND ORDER TO CONTINUE STATUS CONFERENCE**<br><br>Date: September 9, 2019<br>Time: 1:00 p.m.<br>Judge: Hon. Barbara A. McAuliffe |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, Assistant United States Attorney Ross Pearson, counsel for plaintiff, and Assistant Federal Defender Reed Grantham, counsel for defendant Crescencio Chavez-Arellano, that the status conference hearing currently scheduled for June 10, 2019, be continued to September 9, 2019, at 1:00 p.m. The parties agree and stipulate, and request that the Court find the following:

On November 20, 2018, Mr. Chavez-Arellano filed a Notice of Motion and Motion to Vacate Judgment Pursuant to Penal Code Section 1016.5 (hereinafter "the Motion") in the matter of *People v. Crescencio Chavez-Arellano*, Muni Case No. F95004484/Sup. Ct. Case No. 535959, in Fresno County Superior Court. The Motion seeks to vacate Mr. Chavez-Arellano's 1995 conviction for assault with a firearm in violation of California Penal Code section 245(a)(2) on the grounds that Mr. Chavez-Arellano was not properly advised of the immigration

consequences of his plea in violation of California Penal Code section 1016.5. Mr. Chavez-Arellano's 1995 conviction for assault with a firearm is the basis for the Administrative Removal Order (hereinafter "the Order") upon which Mr. Chavez-Arellano was deported and excluded from the United States. It is Mr. Chavez-Arellano's position that if his 1995 conviction is vacated, his current charges should be dismissed under 8 U.S.C. § 1326(d). A copy of the filed Motion has been provided to the government.

On January 17, 2019, a hearing was held on the motion in Fresno County Superior Court. At the conclusion of the hearing, the Superior Court denied Mr. Chavez-Arellano's motion to vacate judgment.

On February 11, 2019, Mr. Chavez-Arellano filed a Notice of Appeal in Fresno County Superior Court, appealing the Superior Court's denial of his motion to vacate judgment. A copy of the Notice of Appeal has been provided to the government.

On February 20, 2019, Fresno County Superior Court provided counsel for Chavez-Arellano with a Notification of Filing Notice of Appeal, indicating that the appeal had been docketed. Pursuant to Rule 8.336(d)(3) of the California Rules of Court, the court reporter was required to produce a court reporter's transcript and record of proceedings within 20 days of the filing of the Notification of Filing Notice of Appeal. Counsel for Chavez-Arellano was informed that the court reporter's transcript and record of proceedings would be provided to counsel by March 11, 2019.

On March 13, 2019, counsel for Chavez-Arellano was informed that due to workload, the court reporter requested and was granted *ex parte* a request to extend the deadline for producing the court reporter's transcript and record of proceedings until May 10, 2019. The court reporter filed a transcript and record of proceedings, but counsel for Chavez-Arellano was subsequently notified that the Court of Appeals returned the record to the court reporter for additional corrections. Counsel for Chavez-Arellano believes the court reporter will file the corrections in early June.

Once the record is filed, counsel for Chavez-Arellano will file an opening brief; the state will have 30 days to file a response; and counsel for Chavez-Arellano will have 20 days to file a

reply. Therefore, the case will not be under submission at the Court of Appeals for approximately 50 days.

    Mr. Chavez-Arellano believes that the ends of justice require this continuance so he has additional time to pursue his collateral attack, which, he believes could result in the dismissal of the current charges. The parties request this continuance with the intention of conserving time and resources for both the parties and the Court. The parties agree that the delay resulting from the continuance shall be excluded in the interests of justice, including but not limited to, the need for the period of time set forth herein for effective defense preparation, defense investigation, and plea negotiation purposes pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv). The parties also agree that the delay resulting from the continuance shall be excluded because it results from "other proceedings"—specifically the motion to collaterally attack Chavez-Arellano's underlying state conviction—involving Chavez-Arellano and therefore the time is excluded pursuant to 18 U.S.C. 3161(h)(1).

    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

Date: June 6, 2019             */s/ Ross Pearson*
ROSS PEARSON
Assistant United States Attorney
Attorney for Plaintiff

HEATHER E. WILLIAMS
Federal Defender

Date: June 6, 2019            */s/ Reed Grantham*
REED GRANTHAM
Assistant Federal Defender
Attorney for Defendant
CRESCENCIO CHAVEZ-ARELLANO

**FINDINGS AND ORDER**

IT IS SO ORDERED that the 6th Status Conference is continued from June 10, 2019, to September 9, 2019, at 1:00 PM before Magistrate Judge Barbara A. McAuliffe. Time shall be excluded in the interests of justice, including but not limited to, the need for the period of time set forth herein for effective defense preparation, defense investigation, and plea negotiation purposes pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv). Time shall also be excluded because it results from "other proceedings"—specifically the motion to collaterally attack Chavez-Arellano's underlying state conviction—involving Chavez-Arellano and therefore the time is excluded pursuant to 18 U.S.C. 3161(h)(1).

IT IS SO ORDERED.

Dated: **June 6, 2019**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE