HEATHER E. WILLIAMS, CA Bar #122664
Federal Defender
REED GRANTHAM, CA Bar #294171
Assistant Federal Defender
Office of the Federal Defender
2300 Tulare Street, Suite 330
Fresno, CA  93721-2226
Telephone: (559) 487-5561
Fax: (559) 487-5950

Attorneys for Defendant
CRESCENCIO CHAVEZ-ARELLANO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRESCENCIO CHAVEZ-ARELLANO,<br><br>Defendant. | Case Nos. 1:17-cr-00249-DAD-BAM<br><br>**STIPULATION TO SET CHANGE OF PLEA AND SENTENCING HEARING; ORDER**<br><br>Date:   May 18, 2020<br>Time:  10:00 a.m.<br>Judge: Hon. Dale A. Drozd |

IT IS HEREBY STIPULATED, by and between the parties, through their respective counsel, Assistant United States Attorney Ross Pearson, counsel for plaintiff, and Assistant Federal Defender Reed Grantham, counsel for defendant Crescencio Chavez-Arellano, that the change of plea and sentencing hearing currently scheduled for June 15, 2020, be vacated, and that the matter be set for a change of plea and sentencing hearing on May 18, 2020, at 10:00 a.m.

The parties previously entered into a plea agreement in this matter on June 26, 2018. *See* Dkt. #20. As part of that plea agreement, the parties agreed to waive the preparation of a full presentence investigation report and to proceed on the pre-plea advisory guideline presentence investigation report. *See* Dkt. #20 at 2. Probation produced a pre-plea report on July 16, 2018. *See* Dkt. #21. The matter was subsequently set for change of plea and sentencing on September 17, 2018. *See* Dkt. #25.

On September 17, 2018, the date previously set for change of plea and sentencing, the matter was set for trial. *See* Dkt. #26. On November 21, 2018, the parties filed a stipulation vacating the trial date in light of Mr. Chavez-Arellano's collateral attack on his underlying 1995 state court conviction in Fresno County. *See* Dkt. #29. Between November 26, 2018, and the present, the matter was continued while Mr. Chavez-Arellano litigated his collateral attack on the underlying state court conviction. It was Mr. Chavez-Arellano's position that if his state court conviction was vacated, his current charge, 8 U.S.C. § 1326(a) and (b)(2), would be subject to dismissal under 8 U.S.C. § 1326(d).

On April 8, 2020, the parties filed an updated plea agreement. *See* Dkt. #46. As a result, the parties requested that this matter be placed on calendar for change of plea and sentencing on May 18, 2020, at 10:00 a.m. *Se* Dkt. #45. On April 23, 2020, in light of the Eastern District of California General Orders 611, 612, and 617, the Court continued the matter until June 15, 2020. *See* Dkt. #47.

After meeting and conferring as set forth in the Court's April 23, 2020 minute order, the parties agree that the matter should be advanced and heard on May 18, 2020 at 10:00 a.m., subject to the Court's availability.

On March 27, 2020, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The CARES Act empowered the Judicial Conference of the United States and Chief District Judges to authorize plea hearings by video or telephonic conference when 1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" and 2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." *Id.*, Pub. L. 116-23 § 15002(b)(2).

On March 29, 2020, the Judicial Conference of the United States made the findings required by the CARES Act, concluding that "emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. § 1601, et seq.) with respect to . . . [COVID-19] have materially affected and will materially affect the functioning of the federal courts generally."

On March 30, 2020, the Chief Judge of this District, per General Order 614, also made the findings required by the CARES Act: "[F]elony pleas under Rule 11 of the Federal Rules of Criminal Procedure and felony sentencings under Rule 32 of the Federal Rules of Criminal Procedure cannot be conducted in person without seriously jeopardizing public health and safety." Accordingly, the findings of the Judicial Conference and General Order 614 establish that plea hearings cannot take safely take place in person.

In order to authorize plea hearings by remote means, however, the CARES Act—as implemented by General Order 614—also requires district courts in individual cases to "find, for specific reasons, that felony pleas or sentencings in those cases cannot be further delayed without serious harm to the interests of justice." General Order 614 further requires that the defendant consent to remote proceedings. Finally, the remote proceeding must be conducted by videoconference unless "videoconferencing is not reasonably available." In such cases, district courts may conduct hearings by teleconference.

The parties hereby stipulate and agree that each of the requirements of the CARES Act and General Order 614 have been satisfied in this case. They request that the Court enter an order making the specific findings required by the CARES Act and General Order 614. Specifically, for the reasons further set forth below, the parties agree that:

1)    The plea hearing in this case cannot be further delayed without serious harm to the interest of justice, given the public health restrictions on physical contact and court closures existing in the Eastern District of California. In addition the sentencing guideline calculation in this case is between 46 and 57 months. *See* Dkt. #21. By May 18, 2020, Mr. Chavez-Arellano will have served 31 months in custody at the Fresno County Jail, which, after calculation of good time credits would constitute roughly a 37 month sentence. Per the updated plea agreement, the government will recommend a low-end guideline sentence of 46 months and Mr. Chavez-Arellano is permitted to argue for no less than a 30 month sentence. Given the above, the parties believe that it is appropriate to set the hearing for May 18, 2020.

2)    The defendant waives his physical presence at the hearing and consents to remote hearing by Videoconference. The defendant is currently housed at the Fresno County Jail, where

procedures have been instituted to facilitate video appearances in federal court.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. The Governor of the State of California declared a Proclamation of a State of Emergency to exist in California on March 4, 2020.

2. On March 13, 2020, the President of the United States issued a proclamation declaring a National Emergency in response to the COVID-19 pandemic.

3. In their continuing guidance, the Centers for Disease Control and Prevention (CDC) and other public health authorities have suggested the public avoid social gatherings in groups of more than 10 people and practice physical distancing (within about six feet) between individuals to potentially slow the spread of COVID-19. The virus is thought to spread mainly from person-to-person contact, and no vaccine currently exists.

4. These social distancing guidelines – which are essential to combatting the virus – are generally not compatible with holding in-person court hearings.

5. On March 17, 2020, this Court issued General Order 611, noting the President and Governor of California's emergency declarations and CDC guidance, and indicating that public health authorities within the Eastern District had taken measures to limit the size of gatherings and practice social distancing. The Order suspended all jury trials in the Eastern District of California scheduled to commence before May 1, 2020.

6. On March 18, 2020, General Order 612 issued. The Order closed each of the courthouses in the Eastern District of California to the public. It further authorized assigned district court judges to continue criminal matters after May 1, 2020 and excluded time under the Speedy Trial Act. General Order 612 incorporated General Order 611's findings regarding the health dangers posed by the pandemic.

7. On April 16, 2020, the Judicial Council of the Ninth Circuit declared a judicial emergency in this District pursuant to 18 U.S.C. § 3174(d), based on the District's "critically low resources across its heavy caseload." The report accompanying the Judicial Council's declaration

analyzed the public safety dangers associated with the COVID-19 pandemic and examined both the District's caseload (the District currently ranks first in the Ninth Circuit and eighth nationally in weighted filings) and its shortage of judicial resources (the District is currently authorized only six district judges; two of those positions are currently vacant and without nominations). The report further explained that a backlog of cases exists that "can only start to be alleviated" when the CDC lifts its guidance regarding gatherings of individuals.

8. On April 17, 2020, General Order 617 issued, continuing court closures through June 1, 2020 and authorizing further continuances of hearings and exclusions under the Speedy Trial Act.

9. Given these facts, it is essential that Judges in this District resolve as many matters as possible via videoconference and teleconference during the COVID-19 pandemic. By holding these hearings now, this District will be in a better position to work through the backlog of criminal and civil matters once in-person hearings resume.

10. The plea hearing in this case accordingly cannot be further delayed without serious harm to the interests of justice. If the Court were to delay this hearing until it can be held in-person, it would only add to the enormous backlog of criminal and civil matters facing this Court, and every Judge in this District, when normal operations resume.

11. The defendant in this case consents to proceed with his plea hearing by Videoconference.

12. The parties also believe that the above accommodation is in the interest of justice in this case. The sentencing guideline calculation in this case is between 46 and 57 months. *See* Dkt. #21. By May 18, 2020, Mr. Chavez-Arellano will have served 31 months in custody at the Fresno County Jail, which, after calculation of good time credits would constitute roughly a 37 month sentence. Per the updated plea agreement, the government will recommend a low-end guideline sentence of 46 months and Mr. Chavez-Arellano is permitted to argue for no less than a 30 month sentence. Given the above, the parties believe that it is appropriate to set the hearing for May 18, 2020.

13. Accordingly, the parties jointly request that the June 15, 2020 change of plea and

sentencing hearing be vacated and that the matter be set for a change of plea and sentencing hearing on May 18, 2020, at 10:00 a.m. before the Honorable Dale A. Drozd.

14. The parties agree that the delay resulting from the continuance to May 18, 2020, shall be excluded in the interests of justice, including but not limited to, the need for the period of time set forth herein for effective defense preparation and defense investigation, pursuant to 18 U.S.C. § 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv).

IT IS SO STIPULATED.

Respectfully submitted,

McGREGOR W. SCOTT
United States Attorney

Date: April 27, 2020  */s/ Ross Pearson*
ROSS PEARSON
Assistant United States Attorney
Attorney for Plaintiff

HEATHER E. WILLIAMS
Federal Defender

Date: April 27, 2020  */s/ Reed Grantham*
REED GRANTHAM
Assistant Federal Defender
Attorney for Defendant
CRESCENCIO CHAVEZ-ARELLANO

# FINDINGS AND ORDER

1. The Court adopts the findings above.

2. Further, the Court specifically finds that:

    a) The plea hearing in this case cannot be further delayed without serious harm to the interest of justice; and

    b) The defendant has waived his physical presence at the hearing and consents to remote hearing by Videoconference;

3. Therefore, based on the findings above, and under the Court's authority under § 15002(b) of the CARES Act and General Order 614, the plea hearing in this case will be conducted by Videoconference.

4. IT IS HEREBY ORDERED that the change of plea and sentencing hearing set for Monday, June 15, 2020, at 10:00 a.m. be advanced and that the matter be set for change of plea and sentencing before the Honorable Dale A. Drozd on Monday, May 18, 2020, at 9:30 a.m.

IT IS SO ORDERED.

Dated:   **April 28, 2020**            /s/ Dale A. Drozd
                                         UNITED STATES DISTRICT JUDGE